IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal No. 00-539-KI |
| | ) | |
| vs. | ) | OPINION AND ORDER |
| | ) | |
| JOHN DAVID ANDERSON, | ) | |
| | ) | |
| Defendant. | ) | |

Karin J. Immergut
United States Attorney
District of Oregon
1000 S. W. Third Avenue, Suite 600
Portland, Oregon 97204

Jen E. Ihlo
Melissa Schraibman
Trial Attorneys - Tax Division
U. S. Department of Justice
600 E. Street, N. W.
Washington, D. C. 20004

    Attorneys for Plaintiff

Page 1 - OPINION AND ORDER

Dennis N. Balske
KOIN Center
222 S. W. Columbia, Suite 1600
Portland, Oregon  97201

>Attorney for Defendant

KING, Judge:

Before the court is the motion, under 28 U.S.C. § 2255, for the review and reconsideration of sentence (#720) filed by defendant John David Anderson.  For the reasons set forth below, I deny the motion.

## BACKGROUND

On June 7, 2002, defendant John David Anderson was convicted by a jury of conspiracy to defraud the United States (Count One; 18 U.S.C. § 371) and two counts of attempting to evade and defeat payment of tax (Counts Six and Seven; 26 U.S.C. § 7201).  On January 13, 2003, this court sentenced Anderson to imprisonment for 24 months on each count (each sentence to run concurrently).  In reaching this sentence, the court applied a Total Offense Level of 17 based on a finding by the court regarding the total tax loss and a finding by the court that the offense involved sophisticated means to impede the discovery of the extent of the offense.  The court also agreed with the recommendation in the Presentence Report that no adjustment for acceptance of responsibility was warranted.  See Findings of Fact Order, January 14, 2003.

On January 30, 2003, the court granted Anderson's motion for release pending the appeal of his conviction.  On March 23, 2004, the Ninth Circuit affirmed Anderson's conviction and Anderson began serving his sentence on May 19, 2004.  Anderson petitioned the Supreme Court for relief on June 21, 2004.  On July 27, 2004, Anderson filed a Motion to Remand or to Allow

Petitioner to Supplement his Petition for a Writ of *Certiorari*. The Supreme Court denied defendant's petition on October 4, 2004, without allowing him to supplement the petition.

On November 29, 2004, Anderson filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 based on the Supreme Court's holding in Blakely v. Washington, 124 S. Ct. 2531 (2004), decided June 24, 2004. The motion takes issue with the manner in which the court made findings regarding the tax loss, as well as the "sophisticated means" enhancement to defendant's sentence, using facts found by the court rather than by a jury. Counsel for defendant requested that the court allow defendant to be released on bail pending resolution of the motion.

I issued an Order on December 30, 2004 denying defendant's motion for release on bail and deferred ruling on defendant's Section 2255 motion until after the Supreme Court's decisions in United States v. Booker, No. 04-104, or United States v. Fanfan, No. 04-105, regarding the applicability and implications of Blakely to federal habeas claims. The Supreme Court issued its decision in Booker and Fanfan on January 12, 2005. United States v. Booker, 125 S. Ct. 738 (2005).

**LEGAL STANDARDS**

28 U.S.C. § 2255 provides, in part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

**DISCUSSION**

Anderson objected for the first time to the manner in which the court devised his sentence in his Motion for Remand to Allow Petitioner to Supplement his Petition for Writ of *Certiorari* filed with the Supreme Court while his petition for *certiorari* was pending.

The government's sole argument is that this supplementary filing was insufficient to present the question of the court's ability to determine tax loss and other enhancements such that Anderson may now raise the argument in this Section 2255 motion. Reed v. Farley, 512 U.S. 339, 354 (1994) (habeas review is an extraordinary remedy and "will not be allowed to do service for an appeal"). Supreme Court Rule 14.1(a) provides that "[o]nly the questions set out in the petition, or fairly included therein, will be considered by the Court." Therefore, according to the government, Anderson never properly raised the question on direct review. As a result, the government argues, Anderson is procedurally barred from arguing the issue in his Section 2255 motion. Furthermore, the government asserts, under Bousley v. United States, 523 U.S. 614, 622 (1998) a defendant must show both "cause" for failure to raise an issue at trial and on direct appeal and "actual prejudice" resulting from the error, and Anderson has failed to meet that standard.[1]

Anderson, in turn, contends that the Blakely issue was not available at the time of his trial and sentencing, or on direct appeal, because Blakely was decided while Anderson's petition for

---

[1] Neither party cites English v.United States, 42 F.3d 473 (9th Cir. 1994). That case dealt with the initial question of what constitutes a procedural default, finding that the "general rule" in the Ninth Circuit is that "constitutional claims may be raised in collateral proceedings even if the defendant failed to pursue them on appeal." English, 42 F.3d at 479. However, Bousley v. United States, 523 U.S. 614, 622 (1998) applied the procedural default rule to a constitutional claim not raised at trial or on appeal. Accordingly, I apply Bousley's cause and prejudice test.

*certiorari* was pending before the Supreme Court. Thus, Anderson asserts, his failure to raise the issue on direct review is subject to the plain error rule.

The plain error rule is inapplicable here. "Because it was intended for use on direct appeal, . . . the 'plain error' standard is out of place when a prisoner launches a collateral attack against a criminal conviction after society's legitimate interest in the finality of the judgment has been perfected by the expiration of the time allowed for direct review or by the affirmance of the conviction on appeal." United States v. Frady, 456 U.S. 152, 164 (1982). Therefore, I must evaluate whether Anderson meets the cause and actual prejudice exception to the procedural default rule.[2] Anderson does not address the government's argument that he cannot demonstrate cause and actual prejudice in this case.

With respect to the cause prong, a claim that "is so novel that its legal basis is not reasonably available to counsel" may constitute cause for procedural default. Bousley, 523 U.S. at 622. The government urges me to find that because the Supreme Court decided Apprendi prior to Anderson's sentencing hearing, and granted *certiorari* in Blakely before he filed his appellate brief, Anderson was on notice of the existence of the issue. However, in the context of evaluating whether Blakely applies retroactively, the opinions from this court characterize Blakely as having announced a new rule. "Although Blakely and Booker are extensions of Apprendi, the latter's application to the federal sentencing guidelines was not 'dictated' by Apprendi. Prior to Blakely, every Circuit that considered the question concluded that Apprendi

---

[2] Neither the government nor Anderson argue that the "actual innocence" exception to the procedural default rule applies here. Bousley, 523 U.S. at 622.

Page 5 - OPINION AND ORDER

did not apply to the federal sentencing guidelines." United States v. Siegelbaum, 359 F. Supp. 2d 1104, 1106-7 (D. Or. 2005). Thus, I find that the cause prong has been met.

As for whether Anderson has shown "actual prejudice" resulting from the error, the burden of proof is "significantly higher" than that required on direct review under the plain error standard. Frady, 456 U.S. at 166. The government contends Anderson has shown no actual prejudice because, ultimately, the sentence he received was reasonable under Booker. This is particularly true, the government argues, because I accepted the defendant's calculations of tax loss, and found a base offense level from that loss, as "admitted" by Anderson.

The Presentence Report contained an extensive summary of the facts underlying the offenses. The probation officer recommended that the court find that the total offense level was 18, with a criminal history category of I, resulting in a guideline range for a term of imprisonment of 27 to 33 months. In arriving at the sentence, I rejected the probation officer's recommendation. Indeed, I stated in the Findings of Fact Order:

> The court acknowledged that while the defendant bears the burden of establishing deductions or offsets under United States v. Bishop, 291 F.3d 1110 (9th Cir. 2002), the government bears the ultimate burden of establishing tax loss. Further, the court should give the defendant the benefit of any doubt in a close case. See e.g. United States v. Sanchez-Garcia, 238 F.3d 1200 (9th Cir. 2001). Accordingly, defendant's objection was allowed and the base offense level was adjusted downward 1-point to a level 15.

Findings of Fact Order at 3.

In addition, I explicitly stated in the Findings of Fact Order that in sentencing Anderson to 24 months imprisonment, I considered the nature and circumstances of the offense, and chose a sentence to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence to criminal conduct, and to protect the

public from further crimes of the defendant. These are the same factors that I would consider today in re-sentencing Anderson, pursuant to 18 U.S.C. § 3553(a).

Anderson has already received the benefit of a sentence below the then-mandatory guideline range recommended by the probation officer. He has not attempted to show that he would have done better if I had imposed a sentence under a post-Booker advisory guidelines system. I find that Anderson cannot show actual prejudice resulting from the judicial factfinding I engaged in when devising his sentence.

## CONCLUSION

The motion, under 28 U.S.C. § 2255, for the review and reconsideration of sentence (#720) filed by defendant John David Anderson is denied.

IT IS SO ORDERED.

Dated this    16th    day of May, 2005.

                       /s/ Garr M. King
                       Garr M. King
                       United States District Judge